IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASSOCIATION INSURANCE COMPANY AND AMERICAN BUILDERS INSURANCE COMPANY, | § § § § | |
| *Plaintiffs*, | § | Civil Action No. 4:20-cv-1398 |
| V. | § § § | JURY |
| SCHWAB DESIGN BUILDERS, INC.; KELLY KLINE; AND PHIL KLINE, | § § § | |
| *Defendants*. | § | |

## PLAINTIFFS ASSOCIATION INSURANCE COMPANY AND AMERICAN BUILDERS INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Association Insurance Company ("AIC") and American Builders Insurance Company ("ABIC") (collectively, the "Insurers"), file this complaint for declaratory judgment against defendants, Schwab Design Builders, Inc. ("Schwab"), Kelly Kline and Phil Kline (the "Klines"), and respectfully show:

### PARTIES

1. Plaintiff AIC is a Delaware corporation with its principal place of business in Georgia.

2. Plaintiff ABIC is a Delaware corporation with its principal place of business in Georgia.

3. Defendant Schwab is a Texas limited liability company with its principal place of business in Harris County, Texas. According to public records, Schwab has two members, David Schwab and Mark Harold Reed, both of whom are individual residents and citizens of Harris

County, Texas. Schwab may be served with process through its registered agent, David Schwab, at 60 N. Creekside Court, Houston, Texas 77055.

4. Interested-party defendant Kelly Kline is an individual resident and citizen of Harris County, Texas. She may be served with process at her residence, 9429 Merlin Drive, Houston, Texas 77055.

5. Interested-party defendant Phil Kline is an individual resident and citizen of Harris County, Texas. He may be served with process at his residence, 9429 Merlin Drive, Houston, Texas 77055.

## JURISDICTION AND VENUE

6. Plaintiffs' citizenships are diverse from defendants' citizenships and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, the Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1).

7. The Court has personal jurisdiction over defendants because they are Texas citizens.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the defendants reside in this district and division, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this district and division.

## FACTS

**A.    The Project**

9. This lawsuit arises out of the construction of the Klines' home at 9429 Merlin Drive, Houston, Texas 77055.

10. The Klines retained Schwab in August 2015 as the general contractor.

11. The home was completed and occupied by the Klines in May 2016. Shortly after

the Klines moved into the home, they allegedly began noticing defects. Some of the issues were reportedly repaired at that time.

12. The Klines sent a Notice of Claim under the Texas Residential Construction Liability Act on February 1, 2018, in which they maintained there were still issues with the hardwood floors, countertops, yard drainage, front walkway, HVAC and electrical systems.

**B.  The Underlying Arbitration**

13. On April 4, 2019, the Klines filed an Amended Demand for Arbitration against Schwab in Case No. 01-19-0000-8996 with the American Arbitration Association (the "Arbitration").

14. In the Arbitration Demand, the Klines seek recovery of monetary damages for alleged physical damage to the home, including cost of repair and replacement; costs of moving, temporary lodging expenses, consequential damages including cost of delay in performance, cost of substitute performance, cost of mitigation; costs of arbitration; attorney's fees; and pre-award and post-award interest.

15. In support of that claim for relief, the Klines allege that Schwab failed to construct the home properly and that such failures and defective construction have resulted in substantial damage to the Klines. The Klines allege that they have suffered damages as a result of construction defects and defective repairs, including:

    a. Hardwood Floors: The Klines allege the hardwood floors throughout the home reveal numerous incidents of shoddy craftsmanship, substandard installation, and poor quality of materials. The Klines claim Schwab's failure to install the hardwood floors in a good and workmanlike manner is evident in the numerous incidents of checked or split boards, excessive

3

        gaps, unacceptable sanding and finishing work, and noise and creaking. The hardwood floors were allegedly installed with an inadequate number of fasteners required to install wide width hardwood flooring. The Klines claim Schwab also installed boards of inconsistent widths which resulted in additional spacing issues. There are allegedly floor gaps occurring in approximately 4-foot-wide intervals, consistent with moisture in the subfloor during installation. The Klines claim the cost to replace these defects is estimated to be $95,000 and the cost of moving, storage, and temporary living for the Klines' family of five is estimated to be $10,000.

b.   Countertops: The Klines claim the marble countertops in the master bathroom show evidence of lack of good and workmanlike installation. There are allegedly numerous scratches on the marble that were not buffed out, while other scratches were buffed out but not polished. As a result, the Klines contend the marble has an uneven texture with multiple dull spots. The natural stone countertops throughout the home were allegedly never sealed, which is standard industry practice, leaving them vulnerable to spots and stains over time. The Klines estimate the cost of these repairs to be $2,250.00.

c.   Tile: The Klines claim the tile work throughout the house shows evidence of lack of skilled labor. The tile in the mudroom is allegedly uneven, the tile in the master bathroom has grout outside the grout lines, and there is debris in the grout. The Klines estimate the cost of repair to be $500.00.

d.   Yard drainage: The Klines claim the front yard lacked proper drainage,

        which prevented grass from growing in certain areas and water pooling in others. The issues were allegedly exacerbated by Schwab's alleged failure to properly grade the yard to facilitate water flow. The Klines added additional drainage points to their front yard and had the entire yard properly graded. They allege the cost of repair was $8,253.20.

    e.    Front walkway: The steps leading up to the front door allegedly were not installed in a good and workmanlike manner. Because of this allegedly shoddy construction, water pooled on the steps and did not run off, which resulted in mildew forming on the steps. The Klines had the steps raised on one side which allows the water to drain and prevents mildew. They claim the cost of this repair was $720.00.

    f.    HVAC: The Klines allege the HVAC discharge temperature sensor was wired to L1 and L2 on the contactor causing a direct short. As a result of the alleged failure to properly wire the HVAC system, the conductors frequently get overloaded and the electrical breaker trips. The Klines also request replacement of the contactor and installation into the TXV to the downstairs unit. The cost of this repair is estimated to be $1,028.00.

16.    The Klines' causes of action against Schwab include breach of contract, breach of express and implied warranties, violation of the Texas Deceptive Trade Practices—Consumer Protection Act (the "DTPA"), fraud, and negligence.

**C.    The Policies**

17.    Insurers provide general liability coverage to Schwab under the following policies that each have limits of $1,000,000 per Occurrence, with a $2,000,000 Aggregate and $1,000

5

Property Damage Deductible:

- PKG 0141832 02 (2/01/2015 - 2/01/2016) by AIC;

- PKG 0141832 03 (2/01/2016 - 2/01/2017) by ABIC;

- PKG 0141832 04 (2/01/2017 - 02/01/2018) by ABIC; and

- PKG 0141832 05 (2/01/2018 - 02/01/2019) by ABIC.

## DECLARATORY JUDGMENT

18. Insurers bring this claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202.

19. Insurers seek a declaration that the damages sought from Schwab in the Arbitration are not covered under the policies and that Insurers do not have a duty to defend or indemnify Schwab in the Arbitration.

20. All or substantially all of damages sought by the Klines in the Arbitration (1) are not for "property damage" caused by an "occurrence" as required by the policies' insuring agreements and as the policies define those terms; or (2) fall within the policies' faulty work exclusions, next quoted.

21. The policies incepting in 2015 and 2016 have endorsement no. GL RFWE TX 02 14, which states:

> GL RFWE 02 14
> FAULTY WORK EXCLUSION WITH RESULTING DAMAGE COVERAGE
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
> In regard only to "your work" in connection with residential structures, Exclusion l. Damage to Your Work of Section I - Coverages, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions is deleted and replaced with:

6

> l.  Faulty, Defective or Poor Workmanship in Your Work
> This insurance does not apply to any claim or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in "your work" for which any insured or any insured's employees, contractors, or subcontractors may be liable.
> This exclusion does not include "property damage" sustained by any other property that is caused by the faulty, defective or poor workmanship in "your work".
> This exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance.

22. The policies incepting in 2017 and 2018 have endorsement no. GL RFWE TX 01 15, which states:

> GL RFWE TX 01 15
> TEXAS FAULTY WORK EXCLUSION WITH RESULTING DAMAGE COVERAGE
> In regard only to "your work" in connection with residential structures, Exclusion l. Damage to Your Work of Section I - Coverages, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions is deleted and replaced with:
> l.  Faulty, Defective or Poor Workmanship in Your Work
> This insurance does not apply to any claim or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in "your work" for which any insured or any insured's employees, contractors, or subcontractors may be liable.
> This exclusion does not apply to "property damage" sustained by any other property that is caused by the faulty, defective or poor workmanship in "your work".
> This exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance.

23. The foregoing suffices to negate coverage, but there are additional coverage defenses or issues that may independently preclude coverage, in whole or in part, and Insurers reserve the right to rely upon them. The additional defenses or issues include, without limitation,

7

those listed below.

- The timing of property damage – property damage must occur during the policy period to fulfill the insuring agreement;

- Exclusion a for "Expected Or Intended Injury" – some allegations, particularly those of fraud, fall within this exclusion;

- Exclusion b for "Contractual Liability" – some allegations are based on Schwab's assumption of liability in a contract and fall within this exclusion;

- Exclusion j(5) for property damage to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations";

- Exclusion j(6) for property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it";

- Exclusion k for property damage to "'your product' arising out of it or any part of it";

- Exclusion m, entitled "Damage to Impaired Property or Property Not Physically Injured";

- The fungi exclusions;

- The "Construction Management Errors and Omissions" exclusions; and

- The "Contractors – Professional Liability" exclusions.

## JURY DEMAND

24. Insurers demand a trial by jury on all issues of fact.

8

## **CONCLUSION AND PRAYER**

25. Because the policies afford no coverage for the allegations in the Arbitration, Insurers ask the Court for:

    a. A declaration that Insurers do not have a duty to defend or indemnify Schwab in the Arbitration;

    b. Court costs; and

    c. All other relief that the Court deems appropriate.

Respectfully submitted on April 20, 2020:

*/s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Attorney in Charge
Texas State Bar No. 00797732
S.D. Texas Bar No. 25915
1221 McKinney, Suite 2900
Houston, Texas 77009
Telephone: (832) 214-3900
Telecopier: (832) 214-3905
E-mail: jziemianski@cozen.com

OF COUNSEL:

COZEN O'CONNOR

Bryan P. Vezey
Texas State Bar No. 00788583
S.D. Texas I.D. No. 19217
(Address, phone numbers and firm as above)
E-mail: bvezey@cozen.com

ATTORNEYS FOR PLAINTIFFS,
ASSOCIATION INSURANCE COMPANY AND
AMERICAN BUILDERS INSURANCE
COMPANY